4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry WHITAKER, Defendant-Appellant.
 No. 92-5271.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 8, 1993.
Decided: August 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Michael S. Arif, Martin, Arif, Dewilde & Soloway, Burke, for Appellant.
 Richard Cullen, United States Attorney, Nancy Silverman, Special Assistant United States Attorney, for Appellee.
 E.D.Va.
 AFFIRMED
 Before WILKINSON and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Larry Whitaker seeks review of his jury convictions for assault with intent to commit murder, in violation of 18 U.S.C. Sec. 113(a) (1979 & Supp. 1992), and assault resulting in serious bodily injury, in violation of 18 U.S.C. Sec. 113(f) (1979). On appeal, Whitaker does not contest his conviction for possessing a shank.
 
 
 2
 Whitaker's convictions stem from his altercation with Ricky Cain, a fellow inmate at the Lorton Reformatory, in the early morning hours of August 3, 1990. During this altercation, Whitaker stabbed Cain repeatedly with a shank, causing damage requiring the surgical removal of a portion of Cain's colon and which could have caused death had surgery not been performed. Witnesses also saw Cain strike Whitaker numerous times with a weightlifting pole during the fight. Each inmate claimed that the other initiated the fight, but the jury determined that Whitaker was the aggressor.
 
 
 3
 On appeal, Whitaker contends that the government's evidence was insufficient to prove that he did not act in self-defense. We disagree. We must sustain the jury's determination if, viewed in the light most favorable to the government, it is supported by substantial evidence. See Burks v. United States, 437 U.S. 1 (1978). The fight began shortly after 1:15 a.m. Cain testified that he went to sleep around 12:30 a.m. and awoke to find Whitaker stabbing him with an"ice pick." He claimed that he rolled off his bed, went to the bathroom to wipe some of the blood off of his body, and then went to the nearby recreation room and took the weightlifting pole. He testified that he then returned to the darkened sleeping area with the pole, and when he approached Whitaker's bed, Whitaker began stabbing at him again, at which time he began striking Whitaker with the pole.
 
 
 4
 The government introduced evidence indicating that Whitaker planned the attack. Inmate Lazaro Pedre testified that he saw
 
 
 5
 Whitaker carrying an object in his hand earlier in the evening. Pedre initially told the grand jury that the object was a shank but at trial stated that he was not sure whether the object was a shank. Cain saw Whitaker in the bathroom just before bedtime and testified that Whitaker was on top of a dryer coming down from the ceiling, and that when he saw Cain he turned his back to him as if he was hiding something.
 
 
 6
 Officer Lewis, who was patrolling the area the night of the fight, testified to Whitaker's unusual behavior prior to the fight. He testified that he had worked on Whitaker's dorm for four or five months prior to the altercation, and that it was very unusual for Whitaker to be awake when he arrived for work on the night shift. On the night of the attack, however, he noticed that Whitaker was awake each time he checked him, which was every fifteen minutes between 11:45 p.m. and 1:15 a.m. He also testified that Whitaker was very neat, and always placed his shoes beside his bed when he went to sleep, but that on the night in question he wore his tennis shoes to bed.
 
 
 7
 No witnesses saw the start of the fight. Officer Lewis arrived to see both inmates striking each other, and inmate Moore, who slept nearby, testified that he awoke to see Whitaker standing near Cain's bed, and Cain running out of the sleeping area to the recreation room to retrieve the pole. Thus, it was ultimately up to the jury to determine whether Cain or Whitaker's version of the altercation was more believable. See United States v. Saunders, 886 F.2d 56 (4th Cir. 1989). Contrary to Whitaker's contention on appeal, the testimony by the government's witnesses did not indicate that Cain was the aggressor but could be viewed entirely consistently with his version of the incident. Cain's testimony alone was sufficient to support the jury's verdict, and the testimony of the government's witnesses tended to support Cain's testimony. We therefore find that the evidence was sufficient to support Whitaker's convictions.
 
 
 8
 We also reject Whitaker's claim that the trial judge committed prejudicial error by admitting Cain's testimony that Whitaker appeared to be hiding something when he saw him in the bathroom at bedtime. Cain could reasonably perceive whether a person standing in the same room was turning his body in a manner intended to hide an object. See Fed. R. Evid. 701(a). Therefore, the district court did not abuse its discretion in admitting Cain's disputed testimony. United States v. Fowler, 932 F.2d 306 (4th Cir. 1991). Moreover, even if the utility of the testimony was diminished because Cain did not see the object, we find that its admission was not harmful since Cain did not speculate on the identity of the object and there was ample evidence elsewhere in the record indicating that Whitaker was carrying an object and was planning to attack Cain prior to the commission of the crime. See Fed. R. Crim. P. 52(a).
 
 
 9
 We therefore affirm Whitaker's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED